UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                                        Case No. 13-20224
GHAZI MANNI,                         Honorable Julian Abele Cook, Jr.

       Defendant.

## ORDER

On March 21, 2013, the Defendant, Ghazi Manni, was indicted by a grand jury on one count of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922 (g), and one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922 (g). After the completion of a jury trial on July 3, 2013, he was found guilty on both counts. Immediately after the verdict was rendered, the Government moved to revoke Manni's bond. At conclusion of the bond revocation hearing, the Court granted the Government's request and remanded him to the custody of the United States Marshal. Currently before the Court is Manni's motion for reconsideration of bond pending sentence.

A review of Manni's recent record reveals that he has had repeated contact with federal law enforcement officials. In May 2009, Manni was indicted by a grand jury in two separate occasions for sports gambling offenses. He was released on bond with conditions which included a prohibition against committing any criminal offense in violation of existing state, federal, or local law.

In September 2011, Manni was charged with the unauthorized acquisition of more than $100 in food stamp benefits in violation of 7 U.S.C. § 2024(b). Agents of the United States Department

of Agriculture, the Internal Revenue Service, and the Department of Homeland Security executed search warrants at Manni's residence in Sterling Heights, Michigan and at his place of business, King Cole Foods, in Detroit, Michigan. Firearms were found in his place of business and ammunition was found in his bedroom. An additional four firearms, all of which were lawfully registered to his son were found in Manni's home but not seized. As a convicted felon, Manni was prohibited from possessing firearms and ammunition. As a result, he was subsequently indicted for violations of 18 U.S.C. § 922(g)(1).

Despite Manni's failure to comply with his prior bond requirements (e.g., full and complete requirements to comply with all state, federal, and local laws), Manni was again released on bond. However, he was ordered to (1) participate in specified home incarceration restrictions, (2) remove all weapons from his residence forthwith, and (3) refrain from possessing any firearms in the future. However, federal agents learned in June 2013 that the four firearms which had been found at his home in September 2011 had not been removed. Subsequent information from federal agents revealed that the subject firearms and ammunition had been placed in a safe in his son's bedroom. Attached to his pending motion is a letter from his son, Gary Manni, Jr., which states that the four weapons and all ammunition have now been removed from the home. Also attached is a letter from Manni's doctor, which ostensibly supports his patient's need for medical treatment.

Manni now requests bond prior to his incarceration so that he may (1) spend time with his family, (2) assist his wife with financial planning, (3) assist his counsel with preparation for an upcoming trial on additional charges, and (4) receive proper treatment for his medical conditions. The Government opposes this request on the ground that Manni has not produced a sufficiency of evidence to demonstrate that he is not likely to flee or pose a danger to the community.

18 U.S.C. § 3143(a)(1) requires that a defendant who is awaiting sentence be detained "unless the [trial judge] finds by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." Under this statute, release is no longer favored once a defendant's guilt has been established. *United States v. Vance*, 851 F.2d 166, 170 (6th Cir.). Rather, this presumption against release must be overcome by the defendant. *Id.* at 168.

As an initial matter, the Court notes that Manni has failed to comply with the bond conditions that have been previously imposed upon him by the Court following his indictment by a grand jury in 2009. He also violated a directive by this Court to immediately remove all firearms from his home. Evidence that Manni has now caused the removal of the targeted weapons and ammunition from his home does not lessen the obvious fact; namely, he previously defied an existing order from the Court to remove them. As a result of Manni's conviction of two federal offenses while on bond and the continued presence of weaponry in his home after a court order specifically directed their immediate removal, it is absolutely clear to the Court that Manni has not produced any clear and convincing evidence that he is neither a danger to the community nor likely to remain within this jurisdiction. Although Manni has regularly attended court proceedings since his indictment in 2009, his past attendance does not by itself represent clear and convincing evidence that Manni will not flee the jurisdiction of this Court if given an opportunity to do so. He now faces a term of incarceration, as well as an impending trial on the 2009 indictments. Finally, although Manni believes that the jail is not properly equipped to treat his medical condition, he has not offered evidence of any deficiency in his treatment.

For the reasons that have been stated above, Manni's motion for reconsideration of bond

pending sentence (ECF No. 27) is denied.

    IT IS SO ORDERED.


Date: September 13, 2013                        s/Julian Abele Cook, Jr.
                                                       JULIAN ABELE COOK, JR.
                                                       U.S. District Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 13, 2013.

                                                                                               s/ Kay Doaks
                                                                                                Case Manager