No. 18-1639

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 03, 2019
DEBORAH S. HUNT, Clerk

In re: GHAZI MANNI,

    Movant.

O R D E R

Before: SUHRHEINRICH, BATCHELDER, and BUSH, Circuit Judges.

Ghazi Manni, a pro se federal prisoner, moves this court for an order authorizing the district court to consider a second or successive motion to vacate pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 2244(a), 2255(h).

Manni pleaded guilty to possession of a firearm and ammunition by a felon. The district court imposed a term of imprisonment of 87 months. Manni appealed. On appeal, the parties agreed that there was a mistake in calculating his base offense level, and the correct level would have resulted in an advisory sentencing guideline range of 70 to 87 months. The parties therefore jointly moved to vacate Manni's sentence and remand for resentencing, and this court granted the motion. *United States v. Manni*, No. 14-1863 (6th Cir. Mar. 17, 2015) (order). On June 26, 2015, the district court entered an amended judgment, imposing a 70-month term of imprisonment on the convictions from the direct appeal. Manni did not appeal.

Manni filed this motion for authorization in June 2018. In it, he explains that in 2017, he discovered an error in his "out date" as calculated by the Bureau of Prisons. Manni acknowledges that he has never filed a motion to vacate under § 2255 but, due to the statute of limitations, he must request this court's permission to file a second or successive § 2255 motion.

To obtain our permission to file a second or successive § 2255 motion, a movant must make a prima facie showing that: 1) there is newly discovered evidence that, if proven and

No. 18-1639
- 2 -

viewed in light of the evidence as a whole, sufficiently establishes that no reasonable factfinder would have found him guilty; or 2) a new rule of constitutional law applies to his case that the Supreme Court has made retroactive to cases on collateral review. *See* 28 U.S.C. §§ 2244(b), 2255(h); *In re Green*, 144 F.3d 384, 388 (6th Cir. 1998) (per curiam).

Only a prior motion determined on the merits triggers the restrictions on "second or successive" applications. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). By his own admission, Manni has never filed a prior § 2255 motion, and the government concurs. Under these circumstances, the authorization required to file a second or successive habeas application does not apply, despite any statute of limitations.

Manni's motion for leave is **DENIED** as unnecessary. The case is **TRANSFERRED** to the district court.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: January 03, 2019

Ms. Patricia Gaedeke
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Ghazi Manni
U.S.P. Leavenworth
P.O. Box 1000
Leavenworth, KS 66048

      Re:  Case No. 18-1639, *In re: Ghazi Manni*
            Originating Case No. : 2:13-cr-20224-1

Dear Mr. Manni and Counsel,

  The Court issued the enclosed Order today in this case.

                         Sincerely yours,

                         s/Michelle M. Davis
                         for Cheryl Borkowski, Case Manager
                         Direct Dial No. 513-564-7025

cc:  Mr. David J. Weaver

Enclosure